72 F.3d 137
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John T. BURKE, Plaintiff-Appellant,
v.
CITY & COUNTY OF DENVER, a municipal corporation;
Department of Public Works, City and County of Denver, a
municipal agency; Turner W. West; Edward Currier; Steve
Draper; Wellington Webb, Defendants-Appellees.
 No. 95-1070.
 United States Court of Appeals, Tenth Circuit.
 Dec. 18, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before TACHA and BARRETT, Circuit Judges, and BROWN,** Senior District Judge.
 
 
 2
 BROWN, Senior District Judge.
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 Plaintiff-appellant John T. Burke appeals an order of the United States District Court for the District of Colorado, granting summary judgment to defendants on Burke's claims for relief under the Rehabilitation Act of 1973, 29 U.S.C. 701-796i, the Civil Rights Act of 1991, 42 U.S.C.1981, and an award of punitive damages under 42 U.S.C.1988.[2]
 
 
 5
 We review the grant of summary judgment de novo, applying the same legal standard used by the district court. James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir.1994). Summary judgment is proper when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of establishing that he or she is entitled to summary judgment. Baker v. Board of Regents, 991 F.2d 628, 630 (10th Cir.1993). Once the moving party meets this burden, the nonmoving party must set forth facts which establish the existence of a genuine issue for trial on all dispositive matters for which he or she carries the burden of proof. Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir.1993), cert. denied, 114 S.Ct. 1075 (1994). "To avoid summary judgment, the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. Summary judgment may be granted if the evidence is merely colorable or is not significantly probative." Vitkus v. Beatrice Co., 11 F.3d 1535, 1539 (10th Cir.1993) (citation omitted).
 
 
 6
 The district court granted the defendants' motion for summary judgment on all claims, and subsequently denied Burke's Fed.R.Civ.P. 59(e) motion, asking the court to reinstate his first claim for relief under the Rehabilitation Act of 1973 (the Act), 29 U.S.C. 701-796i. Burke appeals only from the dismissal of his claim under the Act, and therefore, we address only the issues related to this claim, and state only the facts relevant to our decision.
 
 
 7
 Burke, a utility worker at Stapleton International Airport under defendant Department of Public Works (the department) for the City and County of Denver (the city), was placed on temporary light duty following a work-related back injury on November 1, 1989. Two years later, on November 18, 1991, he was disqualified from his position as a utility worker because he was physically unable to resume the duties of the job.[3]
 
 
 8
 At a pre-disqualification meeting in September 1990, an informal agreement was reached whereby the department agreed to postpone a disqualification decision for six months, reevaluate Burke medically, and assist Burke in transferring to another city position. Burke agreed to join a weight reduction program, have a nonjob related hernia treated, complete the necessary paper work to effect a transfer/demotion to another city position, and attempt to improve his physical condition and attitude. The agreement also stated that Burke's temporary light duty assignment in the medical records department of Denver General Hospital could become permanent if Burke "puts forth his best effort and does a good job." Appellant's App. at 77-78.
 
 
 9
 On June 6, 1991, while on temporary light duty at Denver General Hospital, Burke was offered a permanent position as a senior clerk. Burke claims he was never informed regarding a June 11, 1991, acceptance deadline for the clerk's job. However, the record indicates that, not only was Burke given a deadline, but the deadline was extended by six days in order to accommodate Burke's desire to discuss it with his attorney and his union representative. Burke failed to accept the job by the final date, June 17, 1991, and the job was given to another applicant. Id. at 49, 53.
 
 
 10
 One year later, on November 18, 1991, Burke was sent a disqualification notice. According to the notice, a second pre-disqualification meeting had been held in October 1991. At this meeting the department agreed to postpone a disqualification decision for an additional thirty days in order to allow Burke to seek other employment and explore the possibility that Denver General may reoffer a position. The notice stated that Burke's medical evaluation had not changed, and he was still unable to return to his job as a utility worker. It also stated that Burke had failed to advise the department regarding his weight loss program, the condition of his nonjob related hernia, and had failed to fill out the necessary transfer/demotion paper work. Id. at 80-81. Because at the end of the thirty-day extension the department had exhausted all of its efforts to help Burke, he was disqualified. He subsequently filed this suit claiming employment discrimination.
 
 
 11
 The Act prohibits discrimination against otherwise qualified individuals with handicaps in programs that receive federal financial assistance. 29 U.S.C. 794. Under the Act, a handicapped person is one who "(i) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment." Id. 706(7)(B). A person's major life activities include "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 45 C.F.R. 84.3(j)(2)(ii).
 
 
 12
 The district court, relying on Welsh v. City of Tulsa, 977 F.2d 1415 (10th Cir.1992), held that Burke had failed to present evidence sufficient to establish that he was a handicapped person who is substantially limited in a major life activity as required by the Act. On appeal, Burke asserts that (1) there was a material issue of disputed fact as to whether Burke's impairment substantially limited his ability to perform a major life activity, (2) the district court erred in applying Welsh to this case, (3) if Welsh is applicable here, Burke has met its three-part test, and (4) even if he does not have an impairment under the Act, he was regarded by his employer as having such an impairment.
 
 
 13
 Burke initially argues that because he is substantially limited in the performance of the major life activity of manual tasks, he is handicapped per se under the Act. However, the only evidence produced by Burke is evidence that the residual problems from his back injury prevent him from performing the job of utility worker. Despite Burke's repetitive urging to the contrary, this does not prove that he is handicapped per se, but only that he is precluded from performing the manual labor tasks required by the utility worker job.
 
 
 14
 In Welsh, this court set forth the following factors to be considered when determining whether an impairment substantially limits a person's ability to work: " '(1) the number and type of jobs from which the impaired individual is disqualified, (2) the geographical area to which the individual has reasonable access, and (3) the individual's job expectations and training.' " Id. at 1419 (quoting Jasany v. United States Postal Serv., 755 F.2d 1244, 1249 (6th Cir.1985)).
 
 
 15
 It is undisputed that the majority of the manual tasks which Burke claims he cannot perform such as bending, squatting, repeated rotating of the back, and lifting excessive weight, preclude him from performing his former job as a utility worker. However, during his two years of light duty assignment before he was disqualified, Burke held clerical jobs without any evidence that his injury negatively impacted his ability to perform the duties of those jobs. "While the regulations define a major life activity to include working, this does not necessarily mean working at the job of one's choice." Welsh, 977 F.2d at 1417.
 
 
 16
 Although Burke attempts to distinguish Welsh and Jasany by arguing that his major life activities are much more seriously compromised than those of the plaintiffs in those cases, Burke has failed to present any evidence that his physical impairments substantially limit any of his major life activities. Accordingly, Burke has not established that his physical impairment has substantially impaired his ability to obtain other employment with the city, or other employment in the Denver, Colorado area, or that his expectations and training are only applicable to the utility worker job.
 
 
 17
 Burke also argues that he qualifies under the Act because defendants regarded him as having an impairment which substantially limits one or more of his major life activities. See 29 U.S.C. 706(7)(B). The fact that defendants' doctor recommended that Burke was not physically capable of performing the utility worker job, see Appellant's App. at 182, does not mean that defendants considered him handicapped. It does not indicate that defendants perceived him as limited in any other way than in his ability to perform the tasks required of his former position as a utility worker. See Welsh, 977 F.2d at 1419 (an impairment which an employer perceives as precluding an employee's ability to perform a particular job does not constitute a handicap under the Act). To the contrary, Burke was assigned temporary light duty for a period in excess of two years, offered a permanent clerical position with another city department, and, by his own admission, continues to be classified as reemployable by the city.
 
 
 18
 Accordingly, Burke has failed to establish that he is a handicapped person within the meaning of the Rehabilitation Act, and therefore, the judgment of the United States District Court for the District of Colorado granting summary judgment to defendants is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [2]
 At the time Burke filed his complaint, he was pro se. Even though he later was represented by counsel, he did not amend his complaint. In his appellate brief, Burke states that his action was also filed under the Americans With Disabilities Act, 42 U.S.C. 12101-12213. However, the district court, construing his complaint liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), concluded that despite passing references to other statutes, plaintiff's complaint only alleged the three claims stated above
 
 
 [3]
 Career Service Authority Rule # 14-21 for the City and County of Denver provides in part:
 An employee shall be separated without fault, hereinafter called a disqualification, if a legal, physical, mental or emotional impairment or incapacity, occurring or discovered after appointment, prevents satisfactory performance of the duties and responsibilities of the position. In lieu of such separation, the employee may transfer or demote to a vacancy in another class for which such employee is qualified....
 Appellant's App. at 104.